UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN NATIONAL INSURANCE
COMPANY,

    Plaintiff,

v.    Case No: 8:17-cv-341-T-30JSS

APRIL HANSEN, DANIELLE ELARDO,
MARY BURNE, MATTHEW BURNE,
in his capacity as the Personal
Representative of the Estate of James L.
Burne, III, and V.B., minor, by his next
friend, April Hansen, his mother,

    Defendants.
_____
MARY BURNE and MATTHEW BURNE, in
his capacity as the Personal Representative
of the Estate of James L. Burne, III,

    Cross-Plaintiffs,

v.

APRIL HANSEN and DANIELLE ELARDO,

    Cross-Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendants Mary and Matthew Burnes' Motion to Dismiss (Doc. 27), Plaintiff American National Insurance Company's Advisory in Response to the Motion to Dismiss (Doc. 30), Defendant Danielle Elardo's Brief in Opposition to the Motion to Dismiss (Doc. 31), and a court hearing held on May 24, 2017. Upon review, the Court concludes that Defendants' motion should be denied.

**BACKGROUND**

This is an interpleader action. On February 10, 2017, Plaintiff American National Insurance Company ("American National") filed a complaint (Doc. 1) alleging that it was subject to conflicting and inconsistent claims regarding entitlement to the proceeds of the life insurance policy of James L. Burne, III. American National named five potential claimants to the life insurance proceeds as defendants: April Hansen, V.B., Danielle Elardo, Mary Burne, and Matthew Burne. American National is a citizen of Texas; all five claimants are citizens of Florida.[1] The proceeds at issue are one million dollars.

On March 24, 2017, the Parties stipulated that American National would deposit the life insurance proceeds into the Court's registry and then be discharged from this lawsuit. American National deposited the proceeds, and the Court entered a judgment discharging American National (Docs. 20 & 40). Shortly thereafter, Defendants Mary Burne and Matthew Burne filed the instant motion, arguing that the Court should dismiss this action pursuant to Rule 12(b)(1) because it lacks subject matter jurisdiction.

**DISCUSSION**

"Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund." *Washington Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993). When the stakeholder fears conflicting claims to the fund, it can file an interpleader action, which

---

[1] The first four claimants reside in Florida. Matthew Burne does not, but he is considered a citizen of Florida because he is named in his capacity as the personal representative of James L. Burne, III's estate, and James L. Burne, III resided in Florida. 28 U.S.C. § 1332(c)(2).

requires the adverse claimants to litigate the issue between themselves in that one proceeding. *See Fulton v. Kaiser Steel Corp.*, 397 F.2d 580, 582–83 (5th Cir. 1968) (internal citation omitted).

The stakeholder can file an interpleader action pursuant to 28 U.S.C. section 1335 ("statutory interpleader") or Federal Rule of Civil Procedure 22 ("rule interpleader"). In a statutory interpleader action, the court has subject matter jurisdiction if the adverse claimants are minimally diverse and the amount in controversy is at least $500. 28 U.S.C. § 1335. In a rule interpleader action, the court has subject matter jurisdiction if there is federal question jurisdiction or diversity jurisdiction. *See* Fed. R. Civ. P. 22; 28 U.S.C. § 1331; 28 U.S.C. § 1332. Diversity jurisdiction exists when the plaintiff (i.e., the stakeholder) is completely diverse from the defendants (i.e., the claimants) and the amount in controversy exceed $75,000. 28 U.S.C. § 1332; *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 249 (11th Cir. 2009).

American National filed this action pursuant to both section 1335 and Rule 22 even though only Rule 22 was applicable; it alleged diversity jurisdiction. Defendants Mary Burne and Matthew Burne argue that the Court does not have diversity jurisdiction because it discharged American National from this action, so all remaining parties are citizens of Florida. They cite no legal authority to support this argument. The Court is not persuaded by Defendants' argument for the following reasons.

First, it is well-established that the Court must assess the existence of diversity jurisdiction at the time an action is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). It is evident that diversity jurisdiction existed at the time of filing—

the Amended Complaint (Doc. 38) alleges complete diversity between Plaintiff American National and Defendants (i.e., the five claimants), as well as an amount in controversy far exceeding $75,000. Subsequent events do not generally divest the Court of this jurisdiction. *Freeport*, 498 U.S. at 428 (internal citations omitted); Charles Alan Wright et al., 13E Fed. Prac. & Proc. Civ. § 3608 (3d ed. 2017).

Second, even if discharging American National did divest the Court of its diversity jurisdiction, the Court would still have supplemental jurisdiction over the claimants' remaining claims. 28 U.S.C. § 1367; *see also* Charles Alan Wright et al., 7 Fed. Prac. & Proc. Civ. § 1710 (3d ed. 2017). Given that the Court had jurisdiction over American National's original claim for interpleader, it can retain jurisdiction of the claimants' related claims to the life insurance proceeds.

Lastly, the Court notes that accepting Defendant's argument would lead to results wholly inconsistent with the policies underlying the interpleader remedy. The purpose of interpleader is to provide relief for a stakeholder who might otherwise be threatened by multiple lawsuits and competing judgments for a single source of funds. *See Fulton*, 397 F.2d at 582–83 (internal citation omitted). If courts dismissed an interpleader action after it discharged the stakeholder but before the adverse claimants had litigated their competing claims, the claimants would be left to assert their claims in separate actions, once again exposing the stakeholder to numerous lawsuits and multiple liability.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Mary and Matthew Burnes' Motion to Dismiss (Doc. 27) is denied.

**DONE** and **ORDERED** in Tampa, Florida, on May 30th, 2017.

                                                                         /s/ James S. Moody, Jr.
                                                                         JAMES S. MOODY, JR.
                                                                         UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record