UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN NATIONAL INSURANCE
COMPANY,

    Plaintiff,

v.                                                        Case No: 8:17-cv-341-T-30JSS

APRIL HANSEN, DANIELLE ELARDO,
MATTHEW BURNE, V. B. and MARY
BURNE,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendants April Hansen and V.B.'s Motion for Partial Summary Judgment (Dkt. 48), Defendant Danielle Elardo's Response (Dkt. 51), and Defendants Mary Burne and Matthew Burne's Response (Dkt. 54). Upon review, the Court concludes that the Motion should be denied.

## BACKGROUND

On August 29, 2017, Defendants April Hansen and V.B. ("Hansen"[1]) filed a Motion for Partial Summary Judgment as to the Amended Complaint for Interpleader and Count III of Mary Burne and Matthew Burne's Cross-Claim. (Dkt. 48). In short, Hansen alleges that she is entitled to $250,000 of James L. Burne, III's ("Decedent's") life insurance

---

[1] To simplify references to the defendants in this Order, the Court will refer to "Hansen" in its discussion of the Motion for Partial Summary Judgment, although the Motion was technically filed by Hansen and V.B. V.B. is a minor, and April Hansen is his mother.

policy. Hansen is listed as a beneficiary on the most recent policy for 25% of the benefits. Hansen also has a Final Dissolution of Marriage which incorporates a marital settlement agreement requiring the Decedent to maintain $250,000 of life insurance to secure future child support obligations for V.B., the child of Hansen and the Decedent. On August 31, 2017, Danielle Elardo ("Elardo") filed her Response agreeing to the relief requested by Hansen. Elardo is listed as a beneficiary on the most recent policy for 75% of the benefits.

On September 19, 2017, Defendants Mary Burne and Matthew Burne (the "Burnes") filed their Response to Hansen's Motion. The Burnes challenge the most recent change of beneficiary form ("Form") for the Decedent's policy. Specifically, the Burnes allege that the most recent Form is a forgery. Even if the Form is valid, the Burnes argue, the Form lists Hansen as the recipient of $250,000 with no mention of V.B. or a trust to secure future child support payments for V.B., as per the marital settlement agreement.

## DISCUSSION

The distribution of benefits from the Decedent's life insurance policy depends on the Decedent's beneficiaries. The Burnes challenge the validity of the Form that names the Decedent's beneficiaries. This Court may not decide a genuine factual dispute at the summary judgment stage, so the Motion must be denied. *See Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). The Court anticipates that the Form's validity cannot be determined at a motion for summary judgment stage.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for Partial Summary Judgment (Dkt. 48) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of September, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record